### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ENERGY FLUIDS, INC., | ) | |
| | ) | |
|     Plaintiff/Counterclaim Defendant, | ) | |
| vs. | ) | NO. CIV-07-0653-HE |
| | ) | |
| CIMAREX ENERGY CO., | ) | |
| | ) | |
|     Defendant/Counterclaim Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| EDWARD MCCANN and | ) | |
| MIKE IRELAND, | ) | |
| | ) | |
|     Additional Counterclaim Defendants. | ) | |

| | | |
|---|---|---|
| EZ HULL, L.L.C., | ) | |
| | ) | |
|     Plaintiff/Counterclaim Defendant, | ) | |
| vs. | ) | NO. CIV-07-0667-HE |
| | ) | |
| CIMAREX ENERGY CO., | ) | |
| | ) | |
|     Defendant/Counterclaim Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| EDWARD MCCANN and | ) | |
| MIKE IRELAND, | ) | |
| | ) | |
|     Additional Counterclaim Defendants. | ) | |

### **ORDER**

The captioned cases, which have been consolidated for purposes of discovery were commenced by Energy Fluids, Inc. ("EFI") and EZ Hull, L.L.C. to recover amounts allegedly due from defendant Cimarex Energy Co. ("Cimarex") on open account. Cimarex filed

counterclaims against plaintiffs alleging plaintiffs had "shorted" it, through various means, in connection with plaintiffs' sale and delivery to Cimarex of various drilling mud related goods. The counterclaims assert claims under Oklahoma law for common law fraud and deceit[1] and breach of contract. In addition to asserting the counterclaims against plaintiffs, defendant also asserts fraud and deceit claims against Edward McCann, president of EFI, Mike Ireland, chairman of the board of directors and principal owner of EFI, and Larry Leibrock, an employee of EFI and LHL Trucking, a related company. Defendant alleges that McCann, Ireland, and Leibrock, as civil conspirators, are liable in connection with the fraud claims asserted against plaintiffs.[2]

Ireland and Leibrock have each filed a motion to dismiss. Ireland asserts that defendant's amended complaint fails to sufficiently allege conspiracy to commit fraud under Fed.R.Civ.P. 9(b) or, alternatively, the less stringent standards of notice pleading. He further argues that the complaint fails to state a claim for fraud against him. Leibrock contends that the amended complaint does not adequately allege a conspiracy to defraud claim against him, and, even if sufficiently alleged, the claim is barred by the intracorporate conspiracy doctrine. He also asserts that the complaint does not state a claim for fraud against him.[3]

---

[1]Under Oklahoma law, the basic elements of common law fraud and deceit are the same. Cooper v. Parker-Hughey, 894 P.2d 1096, 1100 (Okla. 1995).

[2]*The court previously dismissed the counterclaim against Ireland, concluding that the complaint did not sufficiently state a claim for conspiracy to defraud against him and granting defendant leave to amend. Defendant has filed an amended complaint.*

[3]In determining whether a complaint states a claim, the court determines whether it "contains enough facts to state a claim to relief that is plausible on its face." Bell v. Atl. Corp.

## **DISCUSSION**

At the outset, the court must determine what pleading standard applies to defendant's allegations regarding civil conspiracy. As the court noted in its prior dismissal order, the authorities are less than clear as to whether allegations as to the basis for civil conspiracy liability (as opposed to the underlying fraud) must be pleaded with particularity under Rule 9(b) or whether general principles of notice pleading apply. The court concludes that the more stringent pleading standard found in Rule 9(b) applies to the conspiracy allegations as well as to the underlying fraud allegations. *See* Eastwood v. Nat'l Bank of Commerce, 673 F.Supp. 1068, 1080 (W.D.Okla. 1987) (concluding Rule (9)(b)'s requirements apply to claims for secondary liability, like conspiracy or aiding and abetting, in securities fraud cases). Absent such a requirement, a party could evade the protections of Rule 9(b), at least in multi-actor cases, by simply adding or substituting the conspiracy claim for what would otherwise be a fraud claim within the rule.

In determining whether a claim should be dismissed for failure to plead with particularity, courts "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the non-moving party," confining their analysis to the text of the complaint. United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726 (10th Cir. 2006). "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the

---

*v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *see also,* Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

alleged fraud" and "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Id.* at 726-27 (internal quotation and citation omitted).

The court notes that, in its prior dismissal order, it found that the complaint set out the fraud claims against the plaintiff companies with sufficient particularity.

## I.  Ireland's Motion to Dismiss

The court need not address Ireland's contentions as to a fraud claim as defendant states that it has only pleaded a claim for civil conspiracy to defraud against Ireland. *See* defendant's response brief, p. 7, n.4. With respect to the conspiracy claim, Ireland argues that it is not adequately pleaded because no specific act in furtherance of the conspiracy has been alleged and no agreement or the specifics thereof have been alleged.

The court concludes that, though a close question, defendant has stated its claim against Ireland with sufficient particularity. With the historical allegations as to the allegedly fraudulent practices of Shamrock Drilling Fluids ("Shamrock"), a company previously owned by Ireland, as background, defendant pleads that Ireland started the plaintiff companies for the purpose of resuming and expanding these alleged practices. Defendant also states that Ireland is the principal owner and chairman of the board of directors of EFI, that he was regularly involved in operations and inventory matters, that he had knowledge of the alleged practices and misrepresentations, and moreover, that he, along with McCann and Leiborck, required the misrepresentations to be made to defendant. While the amended complaint does lack detail as to some aspects of the conspiracy, the pleading requirements

of Rule 9(b) may be relaxed when the facts are "peculiarly within the perpetrator's knowledge." United States ex rel. Doe v. Dow Chemical Co., 343 F.3d 325, 330 (5th Cir. 2003). This rule is applicable here where the defendant alleges that Ireland and McCann were the only members of the board of directors and that they conducted meetings informally and kept no written records of their decisions. Further, agreements like that alleged here are unlikely to be formalized in a fashion that permits identification in significant detail.

Therefore, the court denies Ireland's motion to dismiss the conspiracy to defraud claim asserted against him.[4]

## II.     Leibrock's Motion to Dismiss

### A.     Conspiracy to Defraud Claim

Leibrock asserts that the amended complaint falls short of adequately pleading a civil conspiracy claim against him because it fails to allege that he was a party to an agreement with the other alleged conspirators. However, the amended complaint asserts that Leibrock, who was previously affiliated with Shamrock, was hired as an EFI employee in order to resume the fraudulent practices of Shamrock. It further alleges that Leibrock, along with McCann, provided training and supervision to the warehouse manager concerning how to conduct the fraudulent practices. It states that he, along with Ireland and McCann, had knowledge of and required the misrepresentations to be made to defendant. Again, while the amended complaint does not allege all of the specifics of the agreement, the pleading

---

[4]*It is unnecessary for the court to address defendant's assertion that Ireland's motion to dismiss was untimely filed, as the court concludes the motion should be denied in any event.*

requirements of Rule 9(b) may be relaxed in the circumstances here. Dow Chemical Co., 343 F.3d at 330. Accordingly, the court concludes that the conspiracy to defraud claim against Leibrock is pleaded with sufficient particularity.

Leibrock next contends that defendant cannot state a conspiracy claim against him because the intracorporate conspiracy doctrine bars such a claim under the circumstances present here. The intracorporate conspiracy doctrine generally holds that a corporation's employees, as corporate agents, cannot conspire among themselves or with the corporation. McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000). While Oklahoma law incorporates at least some of the principles that motivated other courts to adopt the intracorporate conspiracy doctrine, neither examination of the cases cited by Leibrock nor the court's own research has uncovered any case where Oklahoma courts have applied this doctrine. Leibrock points to three cases decided by the Oklahoma Court of Civil Appeals to support his assertion that Oklahoma courts would adopt this doctrine.

In Roberson v. PaineWebber, Inc., 998 P.2d 193 (Okla. Civ. App. 1999), the court held that the element of a conspiracy claim requiring two or more persons to combine was not met under the facts of the case because the only parties still remaining in the lawsuit were three companies that the appellants argued were in fact one corporation. This decision hinged on the application of alter ego liability, not the intracorporate conspiracy doctrine. Thornton v. Holdenville Gen. Hosp., 36 P.3d 456 (Okla. Civ. App. 2001), involved the application of the intracorporate privilege to determine whether a communication had been "published" as required to maintain a defamation action. In Tanique, Inc. v. State ex rel.

Oklahoma Bureau of Narcotics & Dangerous Drugs, 99 P.3d 1209 (Okla. Civ. App. 2004), while the court stated that "a governmental entity 'cannot conspire with itself,'" it also stated "[i]n order for the State of Oklahoma to be liable for a 'civil conspiracy' committed by State employees acting within the scope of their employment, it is necessary that the State be liable on the 'underlying unlawful act[s]' alleged by the plaintiffs." The court then held that the state could not be liable for conspiracy because the court had previously found that it was not liable for the alleged underlying acts.

The court cannot extrapolate from these cases that Oklahoma courts would adopt the intracorporate conspiracy doctrine or that it would apply it to the claim at issue here. Even if the court could predict that Oklahoma courts would apply the doctrine to claims like this one, the court cannot know what, if any, exceptions to this doctrine Oklahoma courts would likely adopt.[5] In the absence of some expression by the Oklahoma courts of Oklahoma's adoption, or likely adoption, of the doctrine, the court concludes that a basis for applying the intracorporate conspiracy doctrine has not been made out here. Therefore, Leibrock's motion to dismiss is denied as to the conspiracy to defraud claim asserted against him.

**B.     Fraud Claim**

Leibrock also argues that defendant has not stated a claim against him for fraud independent of its civil conspiracy theory, asserting that the complaint does not identify any

---

[5]*See Dickerson v. Alachua County Com'n, 200 F.3d 761, 769-70 (11th Cir. 2000) (noting a number of exceptions to the intracorporate conspiracy doctrine that have been adopted by various circuit courts).*

7

misrepresentation made by Leibrock himself but instead attempts to hold him responsible for misrepresentations made by other employees.  Defendant responds that, though it makes no allegation that Leibrock made the representations directly to defendant, it alleges that he trained and supervised other employees as to how to engage in the suspect delivery practices and that he had knowledge of and required false representations to be made to defendant. Under Oklahoma law, "[o]ne who commands, directs, advises, encourages, procures, instigates, promotes, controls, aids, or abets a wrongful act by another has been regarded as being as responsible as the one who commits the act so as to impose liability upon the former to the same extent as if he had performed the act himself." Cooper v. Bondoni, 841 P.2d 608, 611 (Okla. Civ. App. 1992) (quoting Keel v. Hainline, 331 P.2d 397, 401 (Okla. 1958)).  At this stage of the proceedings, the court cannot conclude that defendant has not stated a fraud claim against Leibrock and, therefore, Leibrock's motion to dismiss is also denied as to this claim.

Accordingly, Ireland's motions to dismiss [Doc. #48, Case No. 07-0653; Doc. #52, Case No. 07-0667] and Leibrock's motions to dismiss [Doc. #59, Case No. 07-0653; Doc. #60, Case No. 07-0667] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE